CHRISTOPHER J. CANNON, State Bar No. 88034
MATTHEW A. LAWS, State Bar No. 273697
Sugarman & Cannon
180 Montgomery Street, Suite 2350
San Francisco, CA 94104
Telephone: 415-362-6252
Facsimile: 415-362-6431

Attorneys for Defendant DEANDRE WASH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>DEANDRE WASH,<br><br>           Defendant. | Case No. CR 14-00127 JSW<br><br>**REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR SEARCH AND DISCLOSURE OF ELECTRONIC SURVEILLANCE**<br><br>Date:  May 26, 2015<br>Time: 1:00 p.m.<br>Judge: Hon. Jeffrey S. White |

## INTRODUCTION

The Government has now admitted that it engaged in warrantless surveillance of Deandre Wash to establish his location. That warrantless surveillance should lead to the suppression of all evidence obtained from that warrantless surveillance, including the observations of the officers regarding the alleged actions of Wash at the time of his arrest.

In United States v. Jones, 565 U.S. __ ; 132 S.Ct. 945 (2012), the Supreme Court held that law enforcement officers must have a valid warrant before installing a Global Positioning System (GPS) device on a suspect's vehicle. In Grady v. North Carolina, 575 U.S. ___; 135 S.Ct. 1368 (2015), the Supreme Court reemphasized that location monitoring is a search and held that requiring an ex-offender to wear a location monitor impacted his Fourth Amendment rights.

In <u>Grady</u>, the Court referred to <u>Florida v. Jardines</u>, 569 U.S. ___, 133 S.Ct. 1409, 1413–1414 (2013), where the Court held that having a drug-sniffing dog nose around a suspect's front porch was a search. Getting a Court Order to nose around an individual's phone records for the purpose of tracking that individual's movements, is a similar Fourth Amendment violation. <u>Grady</u>, 135 S. Ct. 1368, 1370.

The analysis of <u>Jones</u>, <u>Jardines</u> and <u>Grady</u> is not precisely analogous to this case, however, because in all three cases, <u>Jones</u>, <u>Jardines</u> and <u>Grady,</u> the Government had to trespass to attach a location monitoring device or bring the dog on the porch.

Accordingly, in <u>Jones</u>, <u>Jardines</u> and <u>Grady</u>, it was not necessary to inquire about the target's expectation of privacy in his movements in order to determine if a Fourth Amendment search had occurred because in all three cases, the Government obtained the location information by physically intruding into a constitutionally protected area, so there was no doubt a Fourth Amendment search had occurred. See e.g. <u>Grady</u>, 135 S. Ct. at 1370.

In this case, there was no personal trespassory contact with Wash's person, there was, however, an unwarranted acquisition of location information and that information was obtained by an intrusion into his cell phone records. Unlike a pat-down or automobile search, which are limited to a discreet moment in time and to finding evidence already in existence, a GPS search is "vastly broader." <u>United States v. Katzin</u>, 732 F.3d 187, 200 (3d Cir. 2013) reh'g en banc granted, opinion vacated, No. 12-2548, 2013 WL 7033666 (3d Cir. Dec. 12, 2013) and on reh'g en banc, 769 F.3d 163 (3d Cir. 2014) cert. denied, 135 S. Ct. 1448 (2015). As Justice Sotomayor's concurrence in <u>Jones</u> indicated, GPS tracking can generate a detailed record of people's associations. GPS information creates "a continuous police presence for the purpose of discovering evidence that may come into existence . . . at some point in the future." <u>Id.</u> at 201 (citing <u>Jones</u>, supra, 132 S.Ct. at 955).

Again in <u>Riley v. California</u>, 134 S.Ct. 2473, 2488-89 (2014) Justice Scalia demonstrated a specific concern, which the entire <u>Riley </u>Court seemed to accept, that advances in modern technology

REPLY TO GOV'T. RESPONSE TO MTN. FOR SEARCH AND
DISCLOSURE OF ELEC. SURVEILLANCE                                                                                                 2
CR 14-00127 JSW

should not eviscerate reasonable interests in personal privacy. And as the Court indicated in <u>Riley</u>, <u>Jones</u> and <u>Grady</u>, a person's location is important private information. Moreover, both Justices Alito and Sotomayor indicated in their concurring opinions in <u>Jones</u> that "the use of longer term GPS monitoring in investigations of most offenses impinges on expectations of privacy." <u>Jones</u>, supra, 132 S.Ct. at 964 (Alito, J., concurring); see also <u>id</u>. at 955 (Sotomayor, J., concurring).

Because the Supreme Court has recognized the seriousness of the privacy issues that can flow from an unwarranted intrusion into cell phone information in <u>Riley v. California</u>, the Court has now indicated that individuals have a reasonable expectation of privacy in their cell phone information. <u>Riley</u>, supra, 134 S.Ct. 2494-95. Because the search here infringed on that reasonable expectation of privacy, the results of that search, the observations of the officers, must be suppressed. If a warrant is required to track a car moving on publicly visible highways, or an individual out in public, the defense would argue that there is even more need for a warrant to search a private home to determine if the owner of a cell phone is located in that private, intimate area.

The Supreme Court previously adopted a similar analysis in <u>United States v. Karo</u>, 468 U.S. 705 (1984), where the Court permitted the installation of a tracking device into a container to provide information regarding the route of the container on public roads, but held, that the if the location tracking device was going to be used to obtain information regarding the interior of a private residence, a warrant would be required. <u>United States v. Karo</u>, 468 U.S. at 714-15.

In <u>Kyllo v. United States</u>, 533 U.S. 27, 32 (2001), the Court defined the issue as whether to draw a line on the ability of technological advances to shrink our expectations of privacy; ("The question we confront today is what limits there are upon this power of technology to shrink the realm of guaranteed privacy." <u>Id</u>. at 34.); and suppressed the results of unwarranted thermal imaging search of a home, without a trespass. Justice Scalia recognized that a trespass was not required to make a search unlawful stating: "[w]e have since decoupled violation of a person's Fourth Amendment rights from trespassory

REPLY TO GOV'T. RESPONSE TO MTN. FOR SEARCH AND
DISCLOSURE OF ELEC. SURVEILLANCE                                                                                  3
CR 14-00127 JSW

violation of his property," and held that use of sense-enhancing technology to gather any information regarding interior of home that could not otherwise have been obtained without physical intrusion into constitutionally protected area was an unlawful search." Kyllo directly anticipated "advancing technology—including imaging technology that could discern all human activity in the home;" and sought to create a rule to take into "account of more sophisticated systems that are already in use or in development." Id. at 35-36. Accordingly, the Kyllo Court held that: "[w]here, as here, the Government uses a device that is not in general public use, to explore details of the home that would previously have been unknowable without physical intrusion, the surveillance is a "search" and is presumptively unreasonable without a warrant. Id. at 40.

In this case, the government used cellular information to locate DeAndre Wash, in a private residence, in real time. That use of cellular information was a search and the observations made as the result of that search must be suppressed.

Cases such as Kyllo v. United States, 533 U.S. 27, 35-36 (2001) and Riley vs. California, 134 S.Ct. 2473, 2489-95 (2014), where the Court expressed a reluctance to leave individuals without privacy and at the mercy of advancing technology, as well as the hints set out in Riley, lead the defense to believe that eventually the Court will decide obtaining real time or perspective electronic location information is a Fourth Amendment violation, because any other result would be a judicial acknowledgment that there is no privacy in the modern age.

As the Court noted in Kyllo,

> To withdraw protection of this minimum expectation would be to permit
> police technology to erode the privacy guaranteed by the Fourth Amendment.
> We think that obtaining by sense-enhancing technology any information
> regarding the interior of the home that could not otherwise have been obtained
> without physical "intrusion into a constitutionally protected area,"
> [CITATION] constitutes a search—at least where (as here) the technology in
> question is not in general public use. This assures preservation of that degree
> of privacy against government that existed when the Fourth Amendment was
> adopted.

REPLY TO GOV'T. RESPONSE TO MTN. FOR SEARCH AND
DISCLOSURE OF ELEC. SURVEILLANCE      4
CR 14-00127 JSW

Kyllo v. United States, 533 U.S. 27, 34-35 (2001).

Again, in Riley v. California, the entire Court emphasized that the requirement for a warrant to search a cell phone was based on the recognition that the search of a cell phone is a monumental invasion of privacy, and "[t]he fact that technology now allows an individual to carry such information in his hand does not make the information any less worthy of the protection for which the Founders fought. Our answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant." Riley, 134 S. Ct. at 2494-95.

Significantly, Riley, with which the entire Court agreed, was based on the intrusive nature of cell phone searches and did not even mention the concept of trespass. The Court was very concerned with the amount of information which was available as the result of technological advances and decided to protect that information, even if obtained without a trespass. The Riley Court specifically referred to information in the Cloud; Riley, 134 S. Ct. at 2491; which remains private and protected, and we would contend could be accessed with a trespass. The question is what a reasonable search is, and as the Court indicated in Kyllo, using modern advances in technology to ferret out information which was previously viewed as private is unacceptable. Real time location information is private and can only be obtained with a warrant.

The recent 5th Circuit case of United States v. Davis, --- F.3d ----; 2015 WL 2058977 (11th Cir. 2015), does not compel a different decision because the Davis Court only addressed the narrow issue of "government access to the existing and legitimate business records already created and maintained by a third-party telephone company and historical information about which cell tower locations connected Davis's cell calls during the 67–day time frame spanning the seven armed robberies." United States v. Davis, 2015 WL 2058977 at *6. Davis did not address the issue here, real-time or prospective GPS information from cellular providers. That information is analytically indistinguishable from the information obtained from a beeper, and the Courts have long held that using a beeper in a private home

REPLY TO GOV'T. RESPONSE TO MTN. FOR SEARCH AND
DISCLOSURE OF ELEC. SURVEILLANCE                                                                 5
CR 14-00127 JSW

1  requires a warrant.

2      The Government equates location information with pen register information, but that is not a
3  good analogy. Pen register information gives no information other than what number called what other
4  number. It does not reflect who made the call or where the call was made from. Here, the government
5  obtained personal location information, and that location information led to the discovery of Wash in a
6  private home. That location information is much like the heat information obtained in Kyllo, but is even
7  more private. The Supreme Court held in <u>Karo</u> that obtaining location information from inside a private
8  residence requires a warrant. This Court should follow <u>Karo</u> and suppress the results of the cellular
9  location information used here.[1]

## CONCLUSION

    The Government concedes it obtained cell phone location information and used that information to track and arrest Deandre Wash in a private home without a warrant. Because location monitoring is a search and that search was without a warrant, the observations and fruits of that search must be suppressed.

Dated: May 15, 2015                      Respectfully submitted,

                                               /s/
                                       Christopher J. Cannon
                                       Matthew A. Laws
                                       Attorneys for Deandre Wash

---

[1] Although the government acknowledges using GPS location information to assist in arresting DeAndre Wash, it has not yet provided the specifics of that GPS monitoring and we request that information be provided.

REPLY TO GOV'T. RESPONSE TO MTN. FOR SEARCH AND
DISCLOSURE OF ELEC. SURVEILLANCE                                6
CR 14-00127 JSW