MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

JENNIFER TOLKOFF (CABN 287945)
Special Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, CA 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    E-Mail: Jennifer.Tolkoff@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | NO. 14-CR-00127 JSW |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **UNITED STATES' SUR-REPLY TO DEFENDANT'S REPLY RE: MOTION FOR SEARCH AND DISCLOSURE OF ELECTRONIC SURVEILLANCE** |
| v. | ) | |
| DEANDRE LAMAR WASH, | ) | |
| Defendant. | ) | Date:    June 23, 2015<br>Time:    1:00 p.m.<br>Court:   Hon. Jeffrey S. White |

UNITED STATES' SUR-REPLY TO DEFENDANT'S REPLY RE: MOTION FOR SEARCH AND
DISCLOSURE OF ELECTRONIC SURVEILLANCE
Cr 14-00127-JSW

Plaintiff United States of America, by and through its counsel of record, Special Assistant United States Attorney Jennifer Tolkoff, hereby submits this response to Defendant's Reply Re: Motion for Search and Disclosure of Electronic Surveillance (Docket No. 63) ("Defendant's Brief") to address inapplicability of case law cited and incorrect factual assertions in Defendant's Brief.

**No Fourth Amendment Expectation of Privacy in Signals Emitted from a Cell Phone**

In analyzing Defendant's request for suppression, the court must first determine whether the Defendant's GPS location data constituted a "search" under the Fourth Amendment. In *United States v. Jones,* 132 S.Ct. 945 (2012), a case heavily relied on in Defendant's Brief, the Supreme Court concluded that the government's physical placement of a GPS device on the undercarriage of the defendant's motor vehicle was a physical occupation of private property for the purpose of obtaining information and thus a "search" within the meaning of the Fourth Amendment. *Jones,* 132 S.Ct. at 949. Defendant cites this line of case law[1] despite there being no physical occupation or trespass in the pinging of Defendant's cell phone.[2] In fact, *Jones* specifically stated that it does not apply to "[s]ituations involving merely the transmission of electronic signals without trespass." *Jones,* 132 S.Ct. at 953.

Although not binding on this Court, the Sixth Circuit specifically addressed whether use of GPS location information emitted from a cell phone was a warrantless search that violated the Fourth Amendment. *United States v. Skinner*, 690 F.3d 772 (6th Cir. 2012). The Sixth Circuit held that there is no Fourth Amendment expectation of privacy in signals emitted from a cell phone, including real-time GPS signals. *Skinner*, 690 F.3d at 777. The government in that case used cell site data and GPS data

---

[1] Defendant cites a number of cases that are not applicable here, including *United States v. Jones*, 132 S. Ct. 945 (2012) (involving installation of a GPS device on vehicle), *Florida v. Jardines*, 133 S. Ct. 1409 (2013) (involving law enforcement physically entering and occupied the [curtilage of the house]), *Grady v. N. Carolina*, 135 S. Ct. 1368 (2015) (requiring and physically attaching a location monitoring device on a recidivist sex offender), *United States v. Karo*, 468 U.S. 705 (1984) (involving installation of an electronic tracking device), and *Kyllo v. United States*, 533 U.S. 27 (2001) (involving use of a thermal imaging device on a residence).

[2] Defendant's reliance on *Riley v. California*, 134 S. Ct. 2473 (2014) is also misplaced because there is a distinct difference between GPS location information and content on an actual cell phone. In *Riley*, the Supreme Court held that a warrant is ordinarily necessary before police officers search a cell phone incident to the cell phone user's arrest for the content on that cell phone. *Id*. *Riley* dealt with *content* of the actual cell phone, not GPS location data in possession of a 3rd party (e.g. Sprint PCS, AT&T, and Verizon).

emanating from defendant's phone to establish his location as he transported drugs along public roads across state lines. *Id*. at 774. The court found that there was no Fourth Amendment violation because Skinner did not have a reasonable expectation of privacy in the data given off by his voluntarily procured pay-as-you-go cell phone. *Id*. The Skinner court provided the following analysis to reach that conclusion:

> The law cannot be that a criminal is entitled to rely on the expected untrackability of his tools. Otherwise, dogs could not be used to track a fugitive if the fugitive did not know that the dog hounds had his scent. A getaway car could not be identified and followed based on the license plate number if the driver reasonably thought he had gotten away unseen. The recent nature of cell phone location technology does not change this. If it did, then technology would help criminals but not the police.

*Id*.

"It follows that Skinner had no expectation of privacy in the context of this case, just as the driver of a getaway car has no expectation of privacy in the particular combination of colors of the car's paint." *Id*.

### Agents Relied on a Court Order based on Probable Cause

Here, the government provided Sprint PCS with a court order based on probable cause requesting cell phone location data. Docket 60, Exhibit G. Pursuant to that order, location data was provided. The government did not receive any location data until after the two transactions occurred that lead to the Defendant's indictment.[3] The agents used the GPS location data to approximate Defendant's location, but never located the precise location of his private home.

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court noted that the Fourth Amendment does not itself proscribe the introduction of illegally seized evidence in all proceedings or against all defendants. *Id*. at 906. Rather, the "wrong condemned by the Amendment is 'fully accomplished' by the unlawful search or seizure itself," and the "use of fruits of a past unlawful search or seizure 'work[s] no new Fourth Amendment wrong.'" *Id*. As *Leon* and its progeny make clear, the applicability of the exclusionary rule in a particular case often depends upon the presence of deliberate

---

[3] In response to Defendant's footnote 1 ((Docket No. 63, Page 6), all GPS location data pertaining to this case has been disclosed to Defendant Wash prior to the filing of United States' Response (Docket No. 59).

UNITED STATES' SUR-REPLY TO DEFENDANT'S REPLY RE: MOTION FOR SEARCH AND DISCLOSURE OF ELECTRONIC SURVEILLANCE
Cr 14-00127-JSW                      3

police misconduct.  Even assuming GPS data location was subject to a warrant requirement, and there is no case law requiring that, these agents used GPS data location authorized by a court order based on probable cause.  Because there is no indication of police misconduct and the agents clearly had probable cause, the good faith exception articulated in *Leon* should be extended here.  But all of this assumes there is evidence to suppress, and here there is none.

### **There is no Evidence to Suppress**

The Defendant's Brief requesting suppression of evidence resulting from the GPS location data relies on surveillance cases where the evidence derived from the surveillance is itself incriminating or probative of some fact at issue.  That is not the case here.  The government does not intend to introduce any evidence (e.g., fact that Defendant fled or that he was in possession of drugs) that occurred on the date Defendant was located and arrested.[4]  The government did not receive the GPS location data until after the charged conduct occurred.  The government only used the GPS location data to locate the defendant.  At that time, the government already had probable cause to arrest the defendant.  It is also well established that Defendant's person cannot be suppressed.  *See I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039-40 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred.") (*referencing Gerstein v. Pugh*, 95 S.Ct. 854, 865 (1975); *Frisbie v. Collins*, 72 S.Ct. 509, 511 (1952); *United States ex rel. Bilokumsky v. Tod*, 44 S.Ct. 54, 57 (1923)).  Here, it cannot reasonably be argued that Defendant's arrest was unlawful at the time of his arrest.  Defendant was on video conducting firearms transactions on two separate occasions.

//

//

//

---

[4] Government produced Defendant's jail calls to defense counsel on June 5, 2015.  The government has not listened to all of these calls and does not know whether these calls will be introduced in the government's case-in-chief.  Suppression of these calls would only be proper if the arrest was made without probable cause.  Statements are admissible, even where there is an illegal arrest (which is not the case here), where the statements are sufficiently an act of free will.  *Brown v. Illinois*, 422 U.S. 590, 602 (1975), citing *Wong Sun v. United States*, 371 U.S. 471, at 486 (1963).

UNITED STATES' SUR-REPLY TO DEFENDANT'S REPLY RE: MOTION FOR SEARCH AND DISCLOSURE OF ELECTRONIC SURVEILLANCE
Cr 14-00127-JSW                                          4

**Conclusion**

Based on the above, the United States respectfully requests that the Court deny Defendant's request to suppress "the observations and fruits of the GPS data location monitoring."

DATED: June 5, 2015

Respectfully submitted,

MELINDA HAAG
United States Attorney


_____/s/_____
JENNIFER TOLKOFF
Special Assistant United States Attorney

UNITED STATES' SUR-REPLY TO DEFENDANT'S REPLY RE: MOTION FOR SEARCH AND DISCLOSURE OF ELECTRONIC SURVEILLANCE
Cr 14-00127-JSW                    5